IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YUCHEN LEI, | § § § | NUMBER: _____ |
| Plaintiff, | § § | |
| Versus | § § § | |
| CHRIS KIRK, Sheriff of Brazos County, Texas, Individually and in his official capacity; and DOES 1 and 2, Individually and in their official capacities, | § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT AND FOR INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** YUCHEN LEI, Plaintiff in the above titled cause, who files his Original Complaint and Request for Declaratory and Injunctive Relief against Defendants, CHRIS KIRK, Individually and in his official capacity as Sheriff of Brazos County, Texas, and DOES 1 and 2, Individually and in their official capacities, and respectfully brings his causes of action before this Court.

**PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

Plaintiff Yuchen Lei, age 27, is a non-resident alien who is a citizen of the People's Republic of China. He has always been an excellent student, having won numerous awards and distinctions throughout his academic career. After graduation from High School, he was admitted to a top university in China where he compiled a sterling academic record. Despite being given the opportunity to enter the PhD program at his alma mater, he chose to come to the United States

on a student visa and pursue his doctoral studies at Texas A&M University, where he was also offered a graduate teaching assistantship.

On or about January 7, 2014, Mr. Lei was admitted to the emergency room in College Station as a result of a respiratory infection. While in the emergency room, he was alleged to have suffered some sort of psychotic break and allegedly assaulted one of the nurses by stabbing him with a knife. The police were called and upon their arrival, Mr. Lei was alleged to have spat on a College Station police officer. As a result of this incident, Mr. Lei was arrested and remanded to the Brazos County Detention Center (hereinafter "BCDC") whereupon he was immediately assaulted by one of the guards who utilized excessive force on Mr. Lei by choking him. Approximately one week later, another guard deliberately slammed a steel door on Mr. Lei's fingers.

Mr. Lei was free on bond from January 18, 2014 until March 20, 2014. While free on bond, he was expelled from Texas A & M University, which resulted in the invalidation of his student visa, subjecting him to deportation on account of the alleged assault.

Commencing February 25, 2014, Mr. Lei spent one week in Austin State Hospital for observation and diagnosis.

On March 20, 2014, Mr. Lei was indicted on two felony counts of Aggravated Assault with a Deadly Weapon and Harassment of a Public Servant in cause number 14-01416-CRF 361, 361st Judicial District, Brazos County, the honorable Steve Smith, presiding. An information was also filed against Mr. Lei for misdemeanor criminal trespass, which was later dismissed. As aresult of his felony indictment, Mr. Lei was sent back to the BCDC on a Federal Immigration Detainer, where he has remained for the past 3 years.

Shortly thereafter, Mr. Lei was kept in solitary confinement for 50 days for some unknown reason.

In August, 2016, Mr. Lei entered into a plea agreement on the felony charges with a finding of not guilty by reason of insanity. After entering the plea, the trial court immediately entered an Order of Commitment to Inpatient Treatment under Article 46C.157 of the Texas Code of Criminal Procedure. The commitment was to be for 30 days - the maximum allowed under the statute – during which time Mr. Lei was to be analyzed by the doctors and a determination made as to whether a long term commitment would be recommended.

Despite the Order of Commitment having been signed in August, 2016, Mr. Lei remained in BCDC until January, 2017, even though his trial counsel filed a writ of habeas corpus in November, 2016 which was granted in part in December, 2016. This prompted a call to the North Texas State Hospital in Vernon to pick up Mr. Lei lest he be remanded to the custody of the U.S. Immigration Service for deportation pursuant to the writ of habeas corpus. The hospital picked up Mr. Lei on January 9, 2017 and he remained in its custody for 30 days before it was forced to release him because of his declining to remain indefinitely based on what is presumed to be the hospital's recommendation that he be committed for an unspecified prolonged period. Consequently, Mr. Lei was transported back to BCDC, where he currently remains awaiting a jury trial on the issue of whether he should be involuntarily committed to a mental health facility. Trial was to have begun on May 5, 2017, but it has been continued indefinitely on the State's motion.

As a consequence of the foregoing, Mr. Lei complains of the following Constitutional and State Law violations:

1. Violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution;

2. Deprivation of rights, privileges, or immunities secured by the Constitution and laws pursuant to 42 U.S.C. § 1983;

3. Violation of Tex. Code Crim. Proc. 46C.160;

4. Violation of Tex. Loc. Gov't Code 351.014; and

5. Intentional Infliction of Emotional Distress under Texas law.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and pursuant to § 28 U.S.C. § 1343(a)(3) and (a)(4). This Court has supplemental jurisdiction of the Texas state law claims pursuant to 28 U.S.C. § 1367.

2. Venue lies in the U.S. Southern District of Texas, pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred therein.

## PARTIES

3. Plaintiff YUCHEN LEI is an Individual non-resident alien who is a citizen of the People's Republic of China.

4. Defendant CHIRS KIRK is the Sheriff of Brazos County, Texas. He is sued herein in his official and individual capacities.

5. Defendants DOES 1 and 2 are individual prison guards at the Brazos County Detention Center. Their identities are currently unknown but Plaintiff will amend this Complaint to include their true identities once they have been ascertained. They are sued herein in their official and individual capacities.

## EXHAUSTION

6. Plaintiff has exhausted such administrative remedies as were available to him.

## PREVIOUS LAWSUITS

7. Plaintiff has never previously filed any lawsuits in state or federal court relating to his imprisonment.

## FACTS

8. On or about January 7, 2014, Plaintiff was admitted to the emergency room in College Station as a result of a respiratory infection.

9. While in the emergency room, Plaintiff allegedly assaulted one of the nurses by stabbing him with a knife.

10. When the police arrived at the emergency room in response to foregoing, Plaintiff allegedly spat on a College Station police officer.

11. As a result of the foregoing, Plaintiff was arrested and remanded to BCDC whereupon he was immediately assaulted by Defendant DOE 1, who utilized excessive force on Plaintiff by choking him.

12. Approximately two weeks later, Defendant DOE 2 deliberately slammed a steel door on Plaintiff's fingers.

13. On information and belief, the aforementioned actions by DOES 1 and 2 were captured on video.

14. During the period of his initial detention BCDC, Plaintiff was expelled from Texas A&M, which resulted in the invalidation of his student visa, subjecting him to deportation on account of the aforementioned alleged assault.

15. Plaintiff remained in BCDC until on or about February 25, 2014, when he was sent to Austin State Hospital for observation and diagnosis.

16. Consequently, Mr. Lei remained in the Austin State Hospital until on or about March 20, 2014 when he was sent back to the BCDC, where he was held on a Federal Immigration Detainer.

17. On or about March 20, 2014, Plaintiff was indicted on two felony counts of Aggravated Assault with a Deadly Weapon and Harassment of a Public Servant in cause number 14-01416-CRF 361, 361st Judicial District, Brazos County, the honorable Steve Smith, presiding.

18. At or about the same time, an information was filed against Plaintiff for misdemeanor criminal trespass, which was later dismissed.

19. After the dismissal of the aforementioned misdemeanor, Plaintiff was kept in solitary confinement for 50 days for some unknown reason.

20. At his felony jury trial in August, 2016, Plaintiff was found not guilty by reason of insanity.

21. After entering the verdict, the trial court immediately entered an Order of Commitment to Inpatient Treatment under Article 46C.157 of the Texas Code of Criminal Procedure.

22. The commitment was to be for 30 days - the maximum allowed under the statute – during which time Mr. Lei was to be analyzed by the doctors and a determination made as to whether a long term commitment would be recommended.

23. After the Order of Commitment was signed, Plaintiff remained in the general population of BCDC until January, 2017, when his trial counsel filed a writ of habeas corpus, prompting a telephone call to the North Texas State Hospital in Vernon to pick up Plaintiff lest he be remanded to the custody of the U.S. Immigration Service for deportation pursuant to the writ of habeas corpus.

24. The hospital picked up Mr. Lei the next day and he remained in its custody for 30 days before it was forced to release him because of his declining to remain indefinitely based on the hospital's recommendation that he be committed for an unspecified prolonged period.

25. As a consequence of the foregoing, Mr. Lei was transported back to BCDC, where he currently remains awaiting a jury trial on the issue of whether he should be involuntarily committed to a mental health facility.

26. Trial was to have begun on May 5, 2017, but it has been continued indefinitely on the State's motion.

## PRODUCING CAUSES

27. Plaintiff would show that the acts, practices and/or omissions complained of herein were the producing causes of his damages more fully described herein.

## CAUSES OF ACTION

### First Claim for Relief against All Defendants

### Constitutional Violations

28. Defendants engaged in a deliberate and outrageous invasion of Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Defendants misused and abused the official power granted to them by the state in the performance of their official duties thereby depriving Plaintiff of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and causing him harm.

29. Defendants engaged in conduct with malice and reckless or callous indifference to the clearly established constitutional and statutory rights of Plaintiff.

30. Defendants knew they had a legal obligation to protect Plaintiff from assault and attack and knew that their actions and omissions created a substantial risk of injury to Plaintiff. With deliberate indifference to Plaintiff's personal safety, Defendants failed to protect Plaintiff from substantial risk of serious harm, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## Second Claim for Relief against All Defendants

## 42 U.S.C. § 1983

31. Defendants engaged in conduct with malice and reckless or callous indifference to the clearly established constitutional and statutory rights of Plaintiff thereby depriving Plaintiff of the rights, privileges, or immunities secured by the Constitution and laws pursuant to 42 U.S.C. § 1983;

32. Defendants knew they had a legal obligation to protect Plaintiff from assault and attack and knew that their actions and omissions created a substantial risk of injury to Plaintiff. With deliberate indifference to Plaintiff's personal safety, Defendants failed to protect Plaintiff from substantial risk of serious harm, in violation of the rights, privileges, or immunities secured by the Constitution and laws pursuant to 42 U.S.C. § 1983.

## Third Claim for Relief against Defendant Chris Kirk

## Violation of Tex. Code Crim. Proc. 46C.160

33. Defendant CHRIS KIRK knew or should have known he was obligated to have Plaintiff transferred to the North Texas State Hospital in Vernon within 14 days of the 361st Judicial District's August 31, 2016 Commitment Order. His failure to do so created

a substantial risk of injury to Plaintiff and constitutes a violation of Texas Code of Criminal Procedure 46C.160.

### Fourth Claim for Relief against Defendant Chris Kirk

### Violation of Tex. Loc. Gov't Code 351.014

34. Defendant CHRIS KIRK knew or should have known that after Plaintiff was acquitted by reason of insanity in Cause Number 14-01416-CRF, he was obligated to provide Plaintiff with certain statutorily mandated accommodations. His failure to do so created a substantial risk of injury to Plaintiff and constitutes a violation of Texas Local Government Code 351.014.

### Fifth Claim for Relief against All Defendants

### Outrageous Conduct/Intentional infliction of Emotional Distress

35. Defendants, recklessly and with the intention of causing Plaintiff severe emotional distress, engaged in extreme and outrageous conduct by promoting a threatening and unduly hostile and antagonistic environment.

36. Defendants engaged in conduct with malice and reckless or callous indifference to Plaintiff's rights.

37. As a direct and proximate result of Defendants' acts, which were so outrageous in character and extreme in degree as to be intolerable in a civilized community, Plaintiff suffered severe mental and emotional distress and was injured and damaged thereby.

### Sixth Claim for Relief

### Declaratory Judgment

38. As a direct and proximate result of Defendants' aforementioned acts and omissions, Plaintiff is entitled to a Declaratory Judgment that the policies, practices, acts and

omissions complained of herein violated Plaintiff's rights under the United States Constitution and laws of the United States.

### Seventh Claim for Relief

### Request for Preliminary Injunction Pursuant to FRCP 65(a)

39. Plaintiff is currently awaiting the setting of a jury trial in the 361st Judicial District Court, Brazos County, to determine whether he is to be involuntarily committed to a mental health facility.

40. Plaintiff is not a citizen of the State of Texas or of the United States. Plaintiff is facing deportation as a result of his felony arrests described herein, and indeed, he still has a Federal Immigration Detainer holding him in BCDC. Irreparable harm will accrue to Plaintiff in the event he is involuntarily committed to a mental health facility in Texas at the taxpayers' expense, without further legal recourse in an alien culture when it is possible for him to receive any necessary mental health treatment in his own country, with the support of his family, culture and governmental health care system.

41. Accordingly, Plaintiff requests the issuance of a preliminary injunction, after notice and hearing, enjoining all further proceedings in the 361st Judicial District Court, Brazos County, relating to his involuntary commitment to a mental health facility in Texas.

### RELIEF REQUESTED

WHEREFORE, Plaintiff requests the following relief from this Court:

1. Compensatory damages against all Defendants;

2. Punitive damages against all Defendants in their individual capacities;

3. A declaratory judgment that the policies, practices, acts and omissions complained of herein violated Plaintiff's rights under the United States Constitution and laws of the United States;

4. A preliminary and permanent injunction enjoining all further proceedings in the 361st Judicial District Court, Brazos County, relating to his involuntary commitment to a mental health facility in Texas;

5. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

6. Such further relief as the Court may deem just and proper.

Respectfully submitted,

WILLIAM A. PIGG, PL.LC

By: /s/ William A. Pigg
William A., Pigg
Texas Bar No. 24057009
Email: wapigg_law@yahoo.com
10455 N. Central Expressway, Suite 109
Dallas, TX 75231
Tel. (214) 551-9391
Fax. (214) 602-8832
Attorney for Plaintiff YUCHEN LEI